UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                   Plaintiff,<br><br>v.<br><br>ROSA HERNANDEZ,<br><br>                                   Defendant. | Case No.:  13cr4467-JAH<br><br>**ORDER:**<br><br>**(1) DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (Doc. No. 71)**<br><br>**(2) DISMISSING DEFENDANT'S SUPPLEMENTAL BRIEFS (Doc. Nos 73, 76).** |

## INTRODUCTION

Pending before the Court is Defendant Rosa Hernandez's Motion for Compassionate Release and Supplemental Briefs in support of her Motion for Compassionate Release. *See* Doc. Nos. 71, 73, 76. United States of America, (hereinafter, "Government") has responded. *See* Doc. No. 79. After a careful review of the pleadings submitted, and for the reasons set forth below, IT IS HEREBY ORDERED Defendant's Motion for Compassionate Release is **DENIED**, and Defendant's Supplemental Briefs are **DISMISSED for lack of jurisdiction**.

///

## BACKGROUND

Defendant Rosa Hernandez ("Defendant') pled guilty to a two-count indictment charging her with conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). *See* Doc. Nos. 1, 36, 38. Defendant was subject to sentencing under the career offender guidelines because (1) she was at least 18 years old at the time of the instant offense of conviction; (2) the instant offense of conviction was a felony that was either a crime of violence or a controlled substance offense; and (3) she had at least two prior felony convictions of either a crime of violence or a controlled substance offense. PSR ¶ 28. Under the career offender guidelines, Defendant had a base offense level of 38, which was decreased by three levels for her acceptance of responsibility and one additional level for assisting authorities in the investigation or prosecution of her own misconduct, for an adjusted offense level of 34. PSR ¶ 83. Further, the Government requested a four-level variance, and an additional 41-month departure under USSG § 5K1.1 and § 3553(e). *See* Doc. No. 60.

Defendant's sentencing hearing was held in February 2015. In applying the sentencing guidelines, the Court found that Defendant's base offense level was 38, which was reduced to level 34 due to the nature of her role. After adjustments for minor role and acceptance of responsibility, Defendant's adjusted offense level was 34. The Court found that Defendant was convicted on January 5, 2006, for a violation of Section 11359 of the California Health and Safety Code after her arrest for smuggling marijuana into the United States; and she was convicted on November 13, 2008, for a violation of Title 18 USC §§ 952 and 960 after her arrest for smuggling marijuana into the Unites States. In that Defendant had two prior felony drug convictions, she qualified as a career offender under § 4B.1.1 of the Sentencing Guidelines, resulting in a guideline range of 262-327 months in custody. The Court noted and adopted the Parties agreement to apply a criminal history downward departure from CHC VI to CHC V, which modified the applicable guideline range to 151 -188 months in custody. Thereafter, the Government recommended an

additional minus-four variance, amounting to a 41-month reduction from the low end of the range, resulting in the low end of the guideline range being 110 months in custody. The Court sentenced Defendant to 110-months in custody and five years of supervised release.

In November of 2016, California voters passed Proposition 64 which, *inter alia*, reduced the criminal penalties for various marijuana-related offenses, including the cultivation and possession for sale of marijuana. It also provided a mechanism for those with prior, applicable convictions to reclassify their felonies as misdemeanors. Defendant successfully reclassified her prior marijuana felony conviction into a misdemeanor in August of 2017. *See* Doc. No. 71 at 19. As a consequence of this reclassification, Defendant argues that she would not be classified as a career offender today.

On December 31, 2019, Defendant submitted a request for release to home confinement to the Warden of FCI Victorville (hereinafter, "BOP"), where she is currently housed. *See* Doc. No. 71 at 16-17. This request was denied by the BOP on January 29, 2020, stating Defendant's request did not identify extraordinary circumstances not foreseen by the Court at the time of sentencing, as required by 18 USC 3582(c)(1)(A). *See* Doc. No. 79, Exh. 2, Warden's Response.

On February 20, 2020, Defendant, proceeding *pro se*, filed a motion for Compassionate Release under the First Step Act, arguing that post-sentencing changes in California law renders Defendant's past conviction as a misdemeanor, thereby altering her status as a Career Offender for purposes of sentencing. *See* Doc. No. 71 at 8-10. Defendant filed a Request for Judicial Notice and Motion for Expedited Treatment for her Compassionate Release Motion on March 30, 2020 (Defendant's First Supplemental Brief), and a Request for Judicial Notice of Supplemental Case Law on April 14, 2020, ("Defendant's Second Supplemental Brief"). *See* Doc. Nos. 73, 76. Defendant's supplemental briefs cited the ongoing health concerns caused by COVID-19 as a basis for relief. *See* Doc. No. 30.

The Government filed a response in opposition to Defendant's motion and supplemental briefs. *See* Doc. No. 79. The Government first argues that Defendant failed

to exhaust her administrative remedies. *Id.* Alternatively, the Government argues that even when viewed on the merits, Defendant's motion fails to present any "extraordinary and compelling reasons" to warrant a sentence modification. *Id*. at 19.

## LEGAL STANDARD

Under 18 U.S.C. § 3582, as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a court may modify a defendant's sentence "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Upon such a motion, a court may modify a defendant's sentence "after considering the factors set forth in § 3553(a) to the extent applicable" if it finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. § 3582(c)(1)(A)(i). The relevant Sentencing Commission policy statement sets forth several "extraordinary and compelling reasons." U.S.S.G. § 1B1.13(1)(A) & cmt. 1. The Commission also requires the defendant not pose a danger to the safety of the community as provided in 18 U.S.C. § 3142(g). *Id*. § 1B1.13(2).

Although the statute does not define "extraordinary and compelling circumstances," the U.S. Sentencing Commission has identified four categories of situations that may qualify: serious medical conditions, advanced age, family circumstances, and a catch-all "other reasons." U.S.S.G. 1B1.13, application note 1(A). In application note 1 to the policy statement, the Commission identifies the "extraordinary and compelling reasons" that may justify compassionate release for a medical condition provides as follows:

> (i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required[.]
> (ii) The defendant is—
>     (I) suffering from a serious physical or medical condition,
>     (II) suffering from a serious functional or cognitive impairment, or

>   (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

United States Sentencing Guidelines, Application Notes, § 1B1.13(1)(A). Finally, the note recognizes the possibility that BOP could identify other grounds that amount to "extraordinary and compelling reasons." USSG § 1B1.13, cmt. n.1(D).

## DISCUSSION

### I. California's Prop 64

#### a. Jurisdiction

As a threshold matter, the Government argues the Court has no jurisdiction to determine the merits of Defendant's motion. The Government posits that the administrative request made by Defendant in December 2019 does not suffice because the motion before the Court presents a new ground for a request for release – the COVID-19 pandemic – which was not included in her 2019 request to the warden. *See* Doc. No. 79. at 16. The plain language of the 18 U.S.C. § 3582(c) makes clear a Defendant may file a motion with the Court 1) after she has fully exhausted her administrative remedies and upon the failure of the BOP to bring a motion on Defendant's behalf *or* 2) after the lapse of 30-days from the time the warden receives her request, whichever is earlier. Defendant satisfies the latter requirement. Defendant submitted her request to the Warden at FCI Victorville on December 31, 2019, then filed a Motion for Compassionate Release with this Court fifty days later. As discussed below, the Court agrees it has no jurisdiction to determine the merits of any arguments related to COVID-19. However, the Court finds it appropriate to address Defendant's December 2019 request to the BOP in that it was submitted to and denied by the BOP.

#### b. Post-Conviction Relief

Defendant argues that because her prior marijuana conviction has been reduced to a misdemeanor, she would no longer qualify as a career-offender under U.S.S.G. § 4B1.1, and if sentenced today, her sentence would be "subject to a sentencing range close to 1/3

of the time received and half the time she's already served." *See* Doc. No. 71 at 1-2. The Government argues the Ninth Circuit has already rejected a similar argument in *United States v. Diaz*, 838 F.3d 968 (9th Cir. 2016).

In *Diaz*, defendant Jesse Vasquez was sentenced to life imprisonment under 21 U.S.C. § 841 as a consequence of two prior felonies under California law. *Diaz*, 838 F.3d at 971. Vasquez succeeded in reclassifying one of those felonies and argued that his federal enhancement under § 841 should be invalidated. *Id.* The Ninth Circuit rejected his argument and held that "California's actions – taken long after Vasquez's state conviction became 'final' – have no bearing on whether § 841's requirements are satisfied." *Id*. at 972. It explained that federal law, not that of California, determined the effect of Vasquez's successful reclassification and "§ 841 is a 'backward-looking' inquiry requiring only that a defendant have committed his federal crime 'after two or more prior convictions for a felony drug offense *have become final*." *Id*. at 972-74 (internal citations omitted) (italics in original).

The Court finds the holding in *Diaz* controls the instant matter. Defendant does not claim she warrants a modification in her sentence due to (1) actual innocence, or (2) legal errors in state-court proceedings. *See* United States Sentencing Guidelines § 4A1.2 n.10. Therefore, as in *Diaz*, the reclassification of Defendant's conviction under Proposition 64 did not make her innocent of her crimes, it only downgraded the classification of the crime. *See Diaz*, 838 F.3d at 973 n.3. Therefore, as articulated by the Ninth Circuit, "When a state grants post-conviction relief to a defendant with respect to his state felony conviction, we do not apply those changes retroactively for purposes of determining whether a federal sentencing statute's requirements are met." *Diaz*, 838 F.3d at 972; *see also Rodriguez v. United States*, 2019 WL 7020143 (S.D. Cal. December 20, 2019); *United States v Ochoa-Garcia*, 2017 WL 4532489, (D. Nevada, October 10, 2017).

### b. COVID-19

The Court is mindful of the BOP's efforts to contain COVID-19 in prisons. *See e.g.,* BOP Implementing Modified Operations,

https://www.bop.gov/coronavirus/covid19_status.jsp (last visited May 28, 2020). Because of these measures, there are no reported cases of COVID-19 at FCI Victorville, where Defendant is currently housed. *See* https://www.bop.gov/coronavirus/ (last visited May 28, 2020). Regardless, the Court finds Defendant has not exhausted her administrative remedies, therefore, the Court has no jurisdiction to determine the merits of Defendant's request for relief based on her concerns of contracting COVID-19 while incarcerated.

As discussed above, the December 2019 request sent to the Warden of FCI Victorville specifically cited post-conviction reclassification of a prior felony as a basis for relief, while her supplemental briefs submitted to this Court cited health concerns caused by the spread of COVID-19 in jails as an *additional* basis for relief. (emphasis added).

First, the Court finds Defendant's supplemental briefs citing COVID-19 should not be read together with the request for release sent to the Warden of FCI Victorville. The Court further finds that for Defendant to properly exhaust her administrative remedies, the administrative request must raise the same basis for relief as the federal court filing. *See Rodriguez v. United States, 2019 WL 7020143* (S.D. Cal. December 20, 2019)*; see also United States v. Valenta*, 2020 WL 1689786, at *1 (W.D. Pa. Apr. 7, 2020); *United States v. Jenkins*, 2020 WL 1872568, at *1 (D. Neb. Apr. 14, 2020)

Second, the Court recognizes that despite the plain language of 18 U.S.C. § 3582(c) rendering the exhaustion requirement mandatory, some courts have indeed held that requirement can be waived. *See, e.g*, *Wilson v. MVM*, Inc., 475 F.3d 166, 175 (3d Cir. 2007) (recognizing a narrow futility exception to certain statutory exhaustion requirements); *United States v. Jemal*, 2020 WL 1701706, at *3 (E.D. Penn. April 8, 2020) ("We are not convinced, however, that we must rigidly adhere to the statutory directive that the BOP be provided up to thirty days to address Defendant's compassionate release request, without considering a futility exception to exhaustion."); *United States v. Zukerman*, No. 16 CR. 194 (AT), 2020 WL 1659880, at *4 (S.D.N.Y. Apr. 3, 2020) (holding that defendant's "advanced age and compromised health, combined with the high risk of contracting COVID-19 at Otisville, justify waiver of the exhaustion requirement");

*United States v. Perez*, No. 17 CR. 513-3 (AT), 2020 WL 1546422, at *3 (S.D.N.Y. Apr. 1, 2020) (holding that defendant's "undisputed fragile health, combined with the high risk of contracting COVID-19 in the [detention center] justifies waiver of the exhaustion requirement").

However, the Ninth Circuit, this Court and other sister courts within the Ninth Circuit, have concluded that the Court has no authority to consider Defendant's motion until the exhaustion criteria of § 3852(c)(1)(A) is met. *See, e.g. Gallo Cattle Co. v. U.S. Dep't of Agric.*, 159 F.3d 1194, 1197 (9th Cir. 1998) (citation omitted) ("statutorily-provided exhaustion requirements deprive the court of jurisdiction and, thus, preclude any exercise of discretion by the court."); *see also*, *United States v. Otero*, 2020 WL 1912216, (S.D. Cal. April 20, 2020); *United States v. Valladares*, 2020 WL 2062252, (S.D. Cal. April 29, 2020); *United States v. Reid*, 2020 WL 1904598 (N.D. Cal. April 18, 2020) (The futility exception "only applies to judicially created exhaustion requirements, as opposed to the statutory variety at issue here.") (citations omitted); *United States v. Holden*, No. 13-cr-00444, 2020 WL 1673440, at *10 (D. Or. Apr. 6, 2020); *United States v. Eberhart*, No. 13-cr-00313, 2020 WL 1450745, at *2 (N.D. Cal. March 25, 2020); United States v. Fuentes, 2020 WL 1937398 (E.D. Cal. April 22, 2020); *United States v. Woodson*, No. 18-cr-00845, 2020 WL 1673253, at *3 (S.D.N.Y. Apr. 6, 2020); *United States v. Carver*, No. 4:19-CR-06044-SMJ, 2020 WL 1604968, at *1 (E.D. Wash. Apr. 1, 2020); *United States v. Meron*, 2020 WL 1873900 (E.D. Cal. April 15, 2020). Thus, as it relates to concerns of contracting COVID-19 while incarcerated, the Court does not have jurisdiction at this time to determine the merits of Defendant's supplemental briefs.[1]

///

///

///

---

[1] Because Defendant has not exhausted her administrative remedies on the basis of COVID-19 before filing this motion, the Court need not address her particular medical circumstances.

# CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED

1. Defendant's Motion for Compassionate Release, (doc. no. 71) is **DENIED**.

2. Defendant's Supplemental Briefs, (doc. nos. 73, 76) citing COVID-19 as a basis for relief are **DISMISSED without prejudice** for lack of jurisdiction.

**IT IS SO ORDERED.**

DATED: June 5, 2020

_____
JOHN A. HOUSTON
United States District Judge